UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02324-R-KS | Date | 08-30-2019 |
| --- | --- | --- | --- |
| Title | *James Rutherford v. Rodeway Inn, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| --- | --- | --- |
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Defendant's Motion for Summary Judgment (DE 16)**

## I.     INTRODUCTION

On October 30, 2018, Plaintiff James Rutherford ("Plaintiff") filed the instant action against Defendant Yang & Chang International, Inc. ("Defendant"), a California corporation doing business as Rodeway Inn (erroneously sued as a separate entity) alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act ("the Unruh Act"). Plaintiff seeks injunctive relief and statutory damages.

Presently before the Court is Defendant's Motion for Summary Judgment. For the following reasons, the Court **DENIES** Defendant's Motion.

## II.     FACTUAL BACKGROUND

Plaintiff suffers from spinal stenosis aggravated by a herniated disc and arthritis in his hands, and he has been issued a Disabled Person Parking Placard. Defendant owns and operates the Rodeway Inn, a business in Riverside, California. Plaintiff visited Defendant's property on October 23, 2017 and February 9, 2018, personally encountered barriers to access, and subsequently filed suit against Defendant in this Court.

Defendant contends that it has remedied each of the barriers complained of in the Complaint and that, therefore, this Court should grant summary judgment on Plaintiff's ADA claim and decline to exercise jurisdiction over the related state law claim. In support of the present Motion, Defendant has produced a Site Accessibility Evaluation prepared by certified CASp inspector Jason James. In response, Plaintiff argues that (1) Defendant has not remedied all of the barriers identified in the Complaint, and James's Site Accessibility Evaluation does not address each of those barriers; and (2) Plaintiff and his own CASp inspector have identified several additional barriers subsequent to the Complaint being filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02324-R-KS | Date | 08-30-2019 |
|---|---|---|---|
| Title | ***James Rutherford v. Rodeway Inn, et al.*** | | |

### III.    JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court may grant summary judgment on all or part of the claim, as appropriate. *See id.* Facts are "material" only if dispute about them may affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. To defeat a summary judgment motion, the nonmovant must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Id.* at 323–24. The nonmovant may not merely rely on its pleadings or on conclusory statements. *Id.* at 324.

In ruling on a summary judgment motion, the court should accept the nonmovant's evidence as true and draw all justifiable inferences in the nonmovant's favor. *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014). The court may not determine credibility of witnesses or weigh the evidence. *Anderson*, 477 U.S. at 255. To grant summary judgment, the court should find the evidence "so one-sided that [the movant] must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

### IV.    DISCUSSION

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Thus, to prevail on a discrimination claim under Title III, Plaintiff must establish the following elements: (1) he is considered disabled under the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he was denied public accommodations by Defendant because of his disability. *See Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Here, it is beyond dispute that Plaintiff is disabled under the ADA and that Defendant operates a place of public accommodation. The inquiry that remains is whether Plaintiff was denied public accommodations by Defendant because of his disability.

The third element is satisfied if Defendant failed to remove architectural barriers where such removal was readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv); *see Lozano v. C.A. Martinez Family Ltd. Partnership*, 2015 WL 5227869, at *4 (S.D. Cal. Sept. 8, 2015). The ADA Accessibility Guidelines

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02324-R-KS | Date | 08-30-2019 |
|---|---|---|---|
| Title | *James Rutherford v. Rodeway Inn, et al.* | | |

("ADAAG") provide "the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Therefore, "if a barrier violating these standards relates to [Plaintiff's] disability, it will impair [Plaintiff's] full and equal access, which constitutes 'discrimination' under the ADA." *Id.* at 947.

The Complaint identifies the following barriers: (1) the curb ramp at the accessible parking space serving the main front entrance of the hotel projects into the parking space access zone in violation of ADAAG Section 406.5; (2) there is no compliant accessible or van accessible parking signage in violation of Section 502.6; (3) the curb ramp cross-slope inclines at about 12%, where 2% is the maximum allowed per Section 405.2; (4) the surface of the parking spaces and access aisle has deteriorated to where it is un-level and unsafe for walking in violation of Section 302.1, which requires those surfaces to be stable, firm and slip resistant; (5) the parking space access zone striping has substantially deteriorated to where it is no longer clearly identifiable as required by Section 502.3.3; (6) the van accessible parking space lacks the International Symbol of Accessibility Pavement Marking in violation of Section 502.6; (7) the height of the night service counter exceeds 36 inches in violation of Section 904.4.1; and (8) the height of the main lobby service counter exceeds 36 inches in violation of Section 904.4.1. (DE 1).

The CASp report produced by Defendant in support of its Motion states that (1) "[t]here are accessible parking stalls provided in compliance with applicable standards," and (2) "equivalent facilitation is provided at the lobby counter to comply with applicable standards." (DE 16-8). The report does not address the specific barriers identified in the Complaint but instead makes the broad assertion that both the parking lot and the lobby were found to be "barrier free" and meet applicable standards. *Id.* The Declaration of Jason James further states that "there was posted compliant parking signage in the parking lot" and that the night counter "cannot be lower without tearing down the wall, which would not be a 'readily achievable barrier removal' under the ADA." (DE 16-3). James's Declaration additionally states that "Rodeway Inn has employed 'equivalent facilitation' for the disabled by means of appropriate signage on [the night] counter and a clearly displayed buzzer to ring, providing an 'alternative method of accommodation' pursuant to 28 CFR 36.305(a)." *Id.*

It is not clear based on the above evidence that Defendant has addressed each of the barriers identified in the Complaint. For instance, there is no discussion of slope or pictures showing the correction of slope-related barriers in the parking lot. The conclusory statements by Defendant and James that the property is now "barrier free" and that the parking lot and service counters "comply with applicable standards" are insufficient to prove that all barriers have been corrected. Likewise, James's conclusory assertion that correcting the night counter would not be readily achievable is insufficient to resolve that issue. Defendant has produced no evidence showing how much it would cost to correct the barrier or that the "alternative method" provided by Defendant actually qualifies as an equivalent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02324-R-KS | Date | 08-30-2019 |
|---|---|---|---|
| Title | *James Rutherford v. Rodeway Inn, et al.* | | |

alternative within the meaning of the ADA.

Because Defendant has not established that all barriers identified in the Complaint have been addressed, genuine issues of material fact remain as to Plaintiff's ADA claim.

**V.      CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendant's Motion for Summary Judgment. (DE 16).

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer                                    cch