ADOLFO B. GARBER (CSB No. 117817)
abgarber@sbcglobal.net
3580 Wilshire Blvd., Suite 1780
Los Angeles, CA 90010
Telephone No. (213) 383-1131
Fax No. (213) 383-1139

Attorney for Defendant,
Yang & Chang International, Inc.,
a Cal. corp., dba Rodeway Inn


JOSEPH R. MANNING, Jr.  (CSB No. 223381)
  MANNING LAW, APC
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Tel. (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff, James Rutherford

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Rutherford, an individual, | Case No. 5:18-cv-02324-R-KS |
| Plaintiff,<br>vs. | |
| Rodeway Inn; et al. | **JOINT RULE 26(f) REPORT** |
| Defendants. | Scheduling Conference Date:<br>September 23, 2019<br>Time: 9:30 a.m.<br>Courtroom: 880 |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the

Order Setting the Scheduling Conference, dated September 5, 2019, the parties

submit the following Joint Report. The parties will appear by counsel at the

Scheduling Conference

1

2   (a) **Statement of the Case**

3   <u>Plaintiff</u>:  Plaintiff is substantially limited in performing one or more major life

4

5   activities, including but not limited to: walking, standing, ambulating, sitting, in

6   addition to twisting, turning, and grasping objects. As a result of these disabilities,

7   Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.

8

9   With such disabilities, Plaintiff qualifies as a member of a protected class under the

10   Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA

11

12   Amendments Act of 2008 (P.L. 110- 325) ("ADA") and the regulations

13   implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of

14   Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff

15   suffered from a "qualified disability" under the ADA, including those set forth in

16

17   this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

18   On October 23, 2017 and February 9, 2018, Plaintiff visited the Rodeway Inn

19   ("Business") at the Subject Property, located at 10518 Magnolia Avenue, Riverside,

20

21   Ca 92505. At the time of Plaintiff's visit, instead of architectural barrier free

22   facilities for patrons with disabilities, Plaintiff alleges Defendants have: a curb ramp

23   at the accessible parking space serving the main front entrance of the hotel that

24

25   projects into the parking space access zone in violation of Section 406.5; there is no

26   ADASAD compliant accessible or van accessible parking signage in violation of

27   Section 502.6; the curb ramp cross slope inclines at about 12% where only 2% is the

28

2

maximum allowed per Section 405.2; the surface of the parking spaces and access aisle has deteriorated to where it is un-level and unsafe for walking in violation of Section 302.1 (which requires those surfaces to be stable, firm and slip resistant); the parking space access zone striping has substantially deteriorated to where it is no longer clearly identifiable as required by Section 502.3.3; the van accessible parking space is required to have an International symbol of Accessibility Pavement Marking which complies with 502.6 - what appears on the pavement instead is badly faded; the height of the night service counter is in excess of 36 inches as required by Section 904.4.1; and, the height of the main lobby service counter is in excess of 36 inches as required by Section 904.4.1.

Defendant:  The plaintiff is a serial litigant and ADA filing abuser, who has filed numerous similar cases in the Central District. The defendant is a small corporation that owns a Inn with  an adjoining parking lot.  The defendant has no evidence that the plaintiff ever visited the Inn or entered into the parking lot, or that he personally encountered any alleged accessibility barrier or suffered any injury in fact.

This defendant qualifies as small business (i.e., with less than twenty-five (25) employees  and having gross receipt of less than three million five hundred thousand dollars ($3,500.000.00) over the previous three (3) years) as defined by Cal Civ. Code section 55.56(g)(2)(B)), and any accessibility barrier that are timely corrected within 60 days of being served with the complaint (Cal Civ. Code section 55.56(g)(1), limits the recovery of the plaintiff to one thousand dollars ($1,000.00)

for each offense.  All claimed defects have already been corrected.

(b) **Subject Matter Jurisdiction**

The parties agree that the Court has subject matter jurisdiction pursuant to Title III of the Americans with Disabilities Act (42 U.S.C. sections 12101 et seq.).  Plaintiff contends that the Court has supplemental jurisdiction over his State claims, while defendant contends that the State claims predominant over the sole federal ADA claim and supplemental jurisdiction should be declined pursuant to 28 U.S.C. 1367(c)(2).

**(c) Legal Issues:**

Plaintiff: The principal legal issues are: (1) whether Defendants are responsible under the law to make their facilities readily accessible to and useable by disabled individuals; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to Defendants' facility; and (4) the nature and extent of Plaintiff's damages, if any.

Defendant:  The principal legal issues are (1) whether the plaintiff has true Article III standing; (2) whether this action is now moot as the defendant has already corrected all claimed accessibility barriers, and no damages can be awarded, only injunctive relief is allowed under the Americans with Disability Act (ADA); (*Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F 3d 939, 946, footnote 3 (9th Cir. 2011) ; and  (3) whether the court should decline to exercise its supplemental jurisdiction over any unresolved State claims. (28 USC 1367 (c) (3)).

(d) **Parties, Evidence, etc.**

Plaintiff: Plaintiff will present evidence of Plaintiff's disability, Plaintiff's visit to the Subject Peroperty, and the barriers that existed at the Subject Property. Plaintiff anticipates calling a Certified Access Specialist to testify as to the access barriers that exist on the Subject Property

Defendants:

On behalf of Defendant, Rodeway Inn (hereinafter referred to as "Inn"), Mr. Steve Yang, will testify as to the operation and maintenance of the Inn, including the parking lot which is the site of the alleged accessibility barriers.  Once it is determined through discovery what time the plaintiff allegedly visited the Inn, employee(s) on duty at that time will be identified, who can testify as to whether they ever saw the plaintiff at the Inn and what was observed.

Additionally, defense Certified Access Specialist, Jason James (CASP No. 479) will provide evidence as to his inspection of the property and the subsequent correction of any accessibility barriers.

(e) **Damages**:

Plaintiff: Plaintiff asserts statutory minimum damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and deterrence damages under *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016), injunctive relief, and other civil penalties allowed by law.

Defendant:  The plaintiff is not entitled to monetary damages under the Americans

with Disability Act (ADA). (Chapman v. Pier I Imports (U.S.), Inc., 631 F. 3d 939, 946, footnote 3 (9th Cir. 2011)

(f) **Insurance Coverage**

Defendants do not have any insurance that would afford coverage for the acts and/or omissions alleged in the Complaint.

(g) **Motions**:

Plaintiff: Plaintiff anticipates filing a motion for summary judgment.

Defendant:  It is not contemplated that a motion will be made to amend the Answer or transfer venue.

(h) **Manual for Complex Litigation**:

Plaintiff: Plaintiff does not contend that this is a complex case.

Defendant: This case is factually and legally uncomplicated. It is

unnecessary to use the Manual for Complex Litigation for this

case.

(i) **Status of Discovery**:

Plaintiff: Plaintiff proposes that that discovery shall commence immediately, if settlement discussions should fail to resolve the case.

Defendant: The defendant will begin with written discovery (i.e., interrogatories, request for production of documents, etc.) followed by a deposition of the plaintiff. Discovery is anticipated to begin within three (3) weeks.

(j) **Discovery Plan**:

<u>Plaintiff</u>: Plaintiff believes that phasing of discovery is not necessary in this instance. Plaintiff intends to conduct discovery on the following topics via written discovery and deposition(s) of Defendant's person most knowledgeable pursuant to FRCP 30(b)(6):

1. Defendants' operation of the facility;

2. Defendants' ownership of the property and facility;

3. The accessibility of the facility;

4. Defendants' policy regarding accessibility of the property and facility.

<u>Defendant</u>:  The defendant does not seek any changes to the form or requirements for initial disclosures. The scope and limits of discovery should be as provided by Rule 26(b)(1).  Defendant's Initial Disclosures (Rule 26(a)) were served on September 13, 2019. Defendant intends to, among other things, (1) verify whether the plaintiff ever visited the Inn as claimed in the lawsuit; (2) whether the plaintiff was ever denied access to the services offered by the Inn; and (3) whether the plaintiff intends to return to the Inn.  Defendant will serve the plaintiff with Interrogatories and Production of Documents Requests, which will be followed by the taking of the plaintiff's deposition upon receipt of his written discovery responses.   Defendant requests that the parties comply with the limits set forth in FRCP 33(a) (1) and that there be no deviation from the Federal and Local rules on quantity restrictions for discovery.

**(k) <u>Discovery Cut-Off</u>:**

Plaintiff: Plaintiff defers to Defendant.

<u>Defendant</u>: Fourteen (14) weeks before trial date is acceptable.

**(l) <u>Expert Discovery</u>:**

<u>Plaintiff</u>:  (Initial) Plaintiff defers to Defendant.

(Rebuttal)

<u>Defendant</u>: Initial Expert Disclosure: Ninety (90) days before trial.

Rebuttal Expert Disclosure: Sixty (60) days before trial.

**(m) <u>Dispositive Motions</u>**

<u>Plaintiff:</u> Plaintiff anticipates filing motions for summary judgment or, in the alternative, motions for summary adjudication.


<u>Defendant</u>: intends to file a second motion for summary judgment, correcting the defects in the declaration of CASp Inspector, Jason James, or other dispositive terminating motion.

**(n) <u>Settlement/Alternative Dispute Resolution (ADR)</u>**

<u>Plaintiff</u>: Plaintiff has not yet attempted to discuss settlement with Defendants. In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

Defendant:  The defendant has just started her informal investigation and it is premature at this juncture to discuss settlement. The defendant is not agreeable to a settlement conference before a magistrate judge.  Instead, the defendant prefers a neutral mediator from the Court's ADR panel.

**(o) Trial Estimate:**

Plaintiff: Plaintiff estimates approximately 4 days for trial.  Plaintiff reserves his right to a jury trial on all issues raised in the Complaint.

Defendant: anticipates calling three (3) to five (5) witnesses, and estimates that the case can be tried by a bench trial in one (1) to two (2) days.    If a jury trial, the estimate is three (3) to four (4) days.

**(p) Trial Counsel:**

Plaintiff: Joseph R. Manning, Jr.; Michael Manning; Osman Taher

Defendants:  Adolfo B. Garber, Esq., will be lead, trial counsel for the defendant.

**(q) Independent Expert or Master**

Plaintiff: Plaintiff does not expect that an independant expert or master will be necessary.

Defendant: This is not a case where the Court should consider appointing a master pursuant to FRCP 53 or an independent scientific expert.

**(r ) Timetable:**

As Ordered by the Court. Although Plaintiff requests a deadline to amend the Complaint be set 60 days from the date of the Scheduling Conference.

**(s) <u>Other Issues</u>:**

<u>Plaintiff</u>: None.

<u>Defendant</u>:  The defendant prefers to use the procedures set forth in FRCP Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation, and further requests that this proposed procedure be adopted within the Court's further orders.


Date: 9/16/19                    __/s/ Joseph R. Manning, Jr.__

JOSEPH R. MANNING, JR.

MANNING LAW, APC

Attorneys for Plaintiff, James Rutherford

Email: DisabilityRights@manninglawoffice.com


Date: 09-16-2019          /s/  ADOLFO B. GARBER

ADOLFO B. GARBER, Attorney for

Defendant,

<u>Email</u>: **abgarber@sbcglobal.net**